UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joel Schneider |
| v. | : | Mag. No. 19-2031 (JS) |
| DAVID MINOTTI, JR. | : | **CRIMINAL COMPLAINT** |

I, Luis Santana, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations and that this Complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

Luis Santana, Special Agent
Homeland Security Investigations

Sworn to before me and subscribed in my presence,

May 16, 2019            at      Camden, New Jersey
Date                            City and State

Honorable Joel Schneider
United States Magistrate Judge
Name & Title of Judicial Officer        Signature of Judicial Officer

## ATTACHMENT A

### COUNT ONE
### (Felon in Possession of a Firearm)

On or about May 16, 2019, in Mercer County, in the District of New Jersey and elsewhere, the defendant,

DAVID MINOTTI, Jr.,

did possess, in and affecting commerce, a machinegun, namely, a handgun selector switch capable of converting a Glock semi-automatic pistol to a fully-automatic firing pistol, bearing the marking "Glock" and "Made in AUSTRIA," having previously been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Mercer County, and did so knowingly.

In violation of Title 18, United States Code, Section 922(g)(1).

## ATTACHMENT B

I, Luis Santana, am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about April 27, 2019, while assigned to the JFK International Mail Facility, United States Customs and Border Patrol ("CBP") officers in Queens, New York, selected for examination a United States Postal Service ("USPS") parcel originating from China, bearing tracking number LT 518 295 763 CN. The parcel bore a mailing label, displaying the following sender information in typed font:

> Tony Zheng
> 8F, BldgA, U-Center 28 Chengfu Road
> Haidian Dist, Beijing, China
> 100083
> CHINA

The parcel bore the following recipient information in typed font:

> David Minotti
> [Address]
> Hamilton New Jersey 08609
> America
> TEL: [Number][1]

The parcel is a plastic pouch, approximately 8" x 8" in dimension (hereinafter referred to as the "Parcel"). On the customs declaration attached to the Parcel, the contents of the Parcel were described as follows:

| No | Qty | Description of Contents | Kg. | Val(US$) | Goods Origin |
|---|---|---|---|---|---|
| 1 | 1 | Switch | 0.29 | 50.00 | CN |

2. The Parcel arrived at JFK on or about April 15, 2019. Upon opening the Parcel on or about April 27, 2019, CBP discovered ten individually-packaged

---

[1] The telephone number and address have been omitted.

clear bags, each containing two small black cube-shaped mechanical devices. CBP then opened the individual bags and examined the cube-shaped objects. The objects were metal, each bearing the manufacturer's logo for "Glock" and the stamp: "Made in AUSTRIA." Upon further inquiry, CBP learned that the devices appeared to be Glock handgun selector switches, capable of converting a Glock semi-automatic pistol to a fully-automatic firing pistol. Having examined photographs of the selector switches, ATF has determined that each one qualifies as a "machinegun" under the National Firearms Act (the "NFA"), incorporating by reference 18 U.S.C. § 5845, which, in pertinent part, defines a "machinegun" as follows:

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include . . . any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun . . . .

Accordingly, the selector switches are "firearms" under the NFA, and, therefore, under federal law, a felon is prohibited from possessing such a device.

3. The Parcel and its contents were seized and turned over to HSI. Upon further inspection, the Parcel contained twenty fully-automatic selector switches for Glock handguns.

4. Postal records indicate that, including the Parcel, since December 2017, David Minotti, Jr. ("MINOTTI") has been the listed recipient of eight international mail parcels from various entities in China, all of which were destined for MINOTTI's residence located in Hamilton, New Jersey (the "Residence").[2] Five of those deliveries, including the Parcel, arrived at JFK International Mail Facility between on or about April 8, 2019 and on or about April 15, 2019. Four of those five parcels included "Tony Zheng" on the label as the purported sender. USPS did not attempt delivery of any of those five parcels to the Residence.

5. On or about May 14, 2019, posing as a USPS delivery person, an inspector of the United States Postal Inspection Service ("USPIS") attempted to deliver the Parcel, which had been repackaged by HSI after its inspection, to the Residence. No one answered the door of the Residence to accept delivery. The undercover USPIS inspector left a USPS missed delivery notice on the door, which, among other information, provided a number for the intended recipient of the Parcel to call to obtain information about acquiring the Parcel.

---

[2] Of these eight shipments, seven were sent to MINOTTI at the Residence, including zip code 08609 (an incorrect zip code for the Residence, errantly transposing the last two digits). One of the shipments was sent to the Residence, including the correct zip code of 08690.

6. On or about May 15, 2019, MINOTTI called the number on the missed delivery note, purporting to be a USPS call center, and left a voice mail providing his phone number and requesting that the USPS return his call.

7. Later on or about May 15, 2019, posing as a USPS employee, I returned MINOTTI's call and spoke with him on a recorded line. During that call, I informed MINOTTI that USPS was in possession of a package from "Tony Zheng in China" that was addressed to David Minotti. MINOTTI later in the conversation informed me that he believed there was an issue with other deliveries, as well, stating that he placed several orders within a short period of time of "quite a few things from this person over there." I arranged with MINOTTI to attempt re-delivery of the Parcel during the morning on May 16, 2019.

8. On or about 9:15 am on May 16, 2019, an Inspector of the USPIS, posing as a USPS delivery person, knocked on the door of the Residence. MINOTTI approached the Inspector from the side of the Residence and engaged him in a conversation. MINOTTI took the Parcel from the Investigator and, while feeling the Parcel's contents through the packaging, without solicitation mentioned to the Inspector that he had been expecting other international packages. MINOTTI then signed for the Parcel, after which, again, unsolicited, MINOTTI stated that the Parcel's contents were parts for a paintball gun that were cheaper to obtain online from China than they were to purchase in the United States. After the conversation ended, MINOTTI walked into the Residence while carrying the Parcel. Approximately five minutes later, law enforcement, pursuant to a court-authorized search warrant, executed a search warrant on the Residence. MINOTTI was then arrested and given *Miranda* warnings.

9. MINOTTI agreed to answer law enforcement questions during a post-arrest interview at HSI offices. Before asking MINOTTI any questions, law enforcement officers read MINOTTI his *Miranda* rights again, after which MINOTTI agreed in a signed writing to waive those rights. During the ensuing interview, MINOTTI admitted that he knew the Glock selector switches in the Parcel were designed to affix to a handgun, upon which, rendering any such handgun an automatic firearm.

10. A review of MINOTTI's criminal history revealed that, prior to May 16, 2019, MINOTTI was convicted of a crime punishable by a term of imprisonment exceeding one year in the Superior Court of New Jersey, Mercer County. Specifically, on or about January 16, 2014, MINOTTI was convicted of Distributing or Possessing with Intent to Distribute Controlled Dangerous Substances within 1,000 Feet of School Property, in violation of N.J.S.A. 2C:35-7, and sentenced to four years' imprisonment.